UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

NORMAN HENRY,                          )
                                       )
            Petitioner,                )
                                       )
      v.                               )      No. 2:15-cv-00267-WTL-DKL
                                       )
UNITED STATES OF AMERICAN,             )
                                       )
            Respondent.                )

**Entry Denying Motion to Vacate, Set Aside, or Correct Sentence
And Directing Issuance of Final Judgment**

On September 21, 2010, petitioner Norman Henry plead guilty to being a felon in possession of a firearm. His sentence was enhanced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), because he had three prior felony convictions that are considered qualifying, or predicate, offenses under the ACCA. The ACCA's residual clause was found unconstitutionally vague in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), which prompted petitioner to commence this 28 U.S.C. § 2255 action to vacate, set aside, or correct his sentence.

The Indictment against petitioner alleged that he had three prior felony offenses in Marion County, Indiana, which were predicate offenses under the ACCA: (1) arson, a B felony, in 1983; (2) battery, a C felony, in 1990; and (3) aggravated battery and battery, B and C felonies, respectively, in 1996. In his plea agreement signed May 3, 2010, petitioner admitted these prior convictions. They were the basis for petitioner's negotiated sentence of 180 months, which is the minimum sentence for being a felon in possession of a firearm while being an armed career criminal. *See* 18 U.S.C. § 924(e)(1). Petitioner now contends that pursuant to *Johnson*'s invalidation of the ACCA's residual clause, his state battery convictions are not crimes of violence

1

and accordingly cannot be predicate offenses. Petitioner does not dispute that his arson conviction is a predicate offense under the ACCA. *See* 18 U.S.C. § 924(e)(2)(B) (a "violent felony" is "burglary, *arson*, or extortion . . . .") (emphasis added). He also concedes that his aggravated battery conviction is an ACCA predicate offense. Petitioner's motion therefore rests on whether simple battery is a crime of violence under the ACCA.

The "simple" battery statute in effect in 1990 in Indiana defined battery as a class B misdemeanor when a person knowingly or intentionally touches another person in "a rude, insolent, or angry manner." It became a class C felony if it resulted in serious bodily injury or was committed with a deadly weapon. Ind. Code § 35–42–2–1(a) (1987). Petitioner contends that because a sentencing court must look only to the elements of the offense, *see Mathis v. United States*, 136 S. Ct. 2243 (2016), and not to the offender's actual conduct, simple battery cannot qualify as an ACCA predicate offense. It can be accomplished without any physical force, petitioner argues. Even when elevated to a C felony, petitioner continues, battery cannot be an ACCA predicate offense because under the elements test, a conviction can be obtained without the use of any force or violence.

*Douglas v. United States*, 858 F.3d 1069 (7th Cir. 2017), holds otherwise. *Douglas* addresses precisely the same argument petitioner makes here, and holds that Indiana's simple battery statute is a qualifying predicate offense under the ACCA's elements clause. *Id.* at 1072. The Indiana statute's clause making simple misdemeanor battery a C felony when it results in serious bodily injury or was committed with a deadly weapon, *see* Ind. Code. 35-42-2-1(a)(3), elevates it above the misdemeanor version and places the felony version squarely within the category of crimes of violence for ACCA purposes. It is part of the elements clause of the ACCA and, therefore, the invalidation of the residual clause has no effect on petitioner's sentence.

> We have held that an offense defined as a knowing or intentional act that causes bodily harm comes within the elements clause of [18 U.S.C.] § 16(a), [18 U.S.C.] § 924(e)(2)(B)(i), or 18 U.S.C. § 924(c)(3)(A) (the third of the trio of elements clauses in Title 18). . . . Indiana's [simple battery] statute makes intent to use force an element of the offense; that satisfies the elements clause . . . .

*Douglas*, 858 F.3d at 1072 (citations omitted).

Accordingly, petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or vacate his sentence is **denied**. Judgment consistent with this Entry shall now issue.

**The clerk is directed to docket a copy of this Entry in the criminal case, *United States v. Henry*, 2:09-cr-0025-WTL-CMM.**

Finally, pursuant to *Federal Rule of Appellate Procedure* 22(b), Rule 11(a) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, and 28 U.S.C. § 2253(c), the Court finds that petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED**.

Date: 7/20/2017

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel